Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| KAROL GONZÁLEZ AYALA<br><br>Recurrida<br><br>V.<br><br>NICOLÁS NAZARIO RIVERA<br><br>Peticionario | TA2026CE00324 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>PO2025CV01578<br><br>Sobre:<br>Daños |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 23 de abril de 2026.

El 16 de marzo de 2026, compareció ante este Tribunal de Apelaciones el señor Nicolás Nazario Rivera (en adelante, señor Nazario Rivera o parte peticionaria), mediante recurso de *Certiorari*. Por medio de este, nos solicita que revisemos la *Resolución Interlocutoria* emitida y notificada el 23 de febrero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Ponce. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Moción de Desestimación* presentada por la parte peticionaria.

Por los motivos que adelante se esbozan, se expide el recurso de *Certiorari* y se revoca la *Resolución Interlocutoria* recurrida. Consecuentemente, se deja sin efecto la *Sentencia en Rebeldía* y se ordena al Tribunal de Primera Instancia celebrar una vista evidenciara para determinar, si en efecto, se emplazó al señor Nazario Rivera, conforme a la Regla 4.4 de Procedimiento Civil, *infra.*

**I**

Los hechos que suscitaron la controversia de epígrafe se remontan a un accidente de auto, que desembocó en una *Demanda* por daños y perjuicios. Específicamente, la señora Karol González Ayala (la señora González Ayala o la parte recurrida) alegó que, mientras transitaba por la Carretera 329 de San Germán, un ternero saltó de la propiedad del señor Nazario Rivera y colisionó con su vehículo. Alegadamente como consecuencia de este accidente, la señora González Ayala sufrió daños físicos y perdió su auto.

El 19 de junio de 2025, la parte recurrida presentó una *Moción Informativa*, en la que certificó haber emplazado personalmente al señor Nazario Rivera. Posteriormente, el 9 de septiembre de 2025, la parte recurrida incoó una *Moción Solicitando Anotación en Rebeldía*, donde esgrimió que habían transcurrido dos meses de haberse diligenciado el emplazamiento sin que el señor Nazario Rivera contestara la demanda. Transcurridos varios trámites procesales, el 10 de septiembre de 2025, el foro primario ordenó que se anotara la rebeldía a la parte peticionaria.

Superados varios trámites procesales innecesarios pormenorizar, el 22 de octubre de 2025, el Tribunal de Primera Instancias dictó una *Sentencia en Rebeldía,* en la que declaró Ha Lugar la *Demanda.*  De nuestra revisión al Sistema Unificado de Manejo de Casos (SUMAC) surge que el 21 de noviembre de 2025, la Secretaría del Tribunal de Primera Instancia emitió una notificación a los efectos de que la orden de anotación de rebeldía al peticionario había sido devuelta por el servicio postal por dirección incorrecta.[1]

El 11 de enero de 2026, dos meses y veinte días luego de emitirse una sentencia en su contra, la parte peticionaria compareció al pleito mediante una *Moción de Desestimación.*

---

[1] Entrada Núm. 21 de SUMAC.

Mediante dicho escrito, el señor Nazario Rivera adujo que nunca fue emplazado personalmente, por lo que, el Tribunal de Primera Instancia nunca adquirió jurisdicción sobre su persona. Según se alegó en la moción, el emplazamiento fue entregado a una empleada del hogar de envejecientes donde se encontraba el señor Nazario Rivera y no a él personalmente.

El 15 de enero de 2026, el foro primario ordenó a la parte contraria, la señora González Ayala, que expresara su oposición en torno a la aludida moción dispositiva. En cumplimiento con la orden antes mencionada, el 19 de enero de 2026, la señora González Ayala presentó su *Oposición a Moción en Solicitud de Desestimación*, en la que argumentó que la desestimación era improcedente, toda vez que, el tribunal ya había ejercido su jurisdicción al emitir una sentencia. Además, la parte recurrida señaló que el emplazamiento se había realizado conforme a derecho. En apoyo a esta última contención, la parte recurrida sometió el 20 de enero de 2026, una *Moción Informativa,* a la que anejó una declaración jurada del emplazador. Mediante su declaración jurada, el emplazador dio fe de que acudió al hogar de envejecientes donde se encontraba el señor Nazario Rivera (San German Nursing Home), que fue acompañado hacia la habitación de este, y que lo emplazó personalmente.

El 21 de enero de 2026, el Tribunal de Primera Instancia le concedió a la parte peticionaria un término para exponer su posición en cuanto al escrito de la parte recurrida. En cumplimiento de la referida orden, el 29 de enero de 2026, la parte peticionaria sometió una *Moción en Cumplimiento de Orden,* en la que, además de reiterar su posición en cuanto a la carencia de jurisdicción, presentó una declaración jurada de una empleada del hogar de envejecientes San German Nursing Home, quien aseveró que recibió el emplazamiento que le correspondía al señor Nazario Rivera. El Tribunal de Primera

Instancia se dio por enterado de dicha moción y, a su vez, concedió un término adicional para que la parte recurrida respondiera.

El 22 de febrero de 2026, la parte peticionaria presentó *Moción en Ratificación de Desestimación*, donde reiteró su posición. El 23 de febrero de 2026, el Tribunal de Primera Instancia emitió *Resolución Interlocutoria* en la cual dispuso:

> Vista la moción de desestimación presentada se declara NO HA LUGAR, el caso de autos tiene una sentencia desde el 22 de octubre de 2025.

Inconforme, la parte peticionaria acudió ante este foro revisor mediante el recurso de *Certiorari* de epígrafe, en la cual esbozó el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE INSTANCIA AL EMITIR UNA RESOLUCI[Ó]N INTERLOCUTORIA DONDE DECLARA "NO HA LUGAR" UNA MOCI[Ó]N DE DESESTIMACI[Ó]N PRESENTADA POR LA PARTE DEMANDADA SOLICITANDO LA DESESTIMACI[Ó]N DEL CASO, TODA VEZ QUE DICHO FORO NUNCA ADQUIRIÓ JURISDICCIÓN SOBRE SU PERSONA, AL NO HABER SIDO EMPLAZADA CONFORME A DERECHO, PROVOCANDO QUE LA SENTENCIA DICTADA EN SU CONTRA SEA NULA.

El 6 de abril de 2026, compareció la parte recurrida mediante *Oposición a Certiorari*.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352,

372 (2020).[2] Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones,[3] dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008) (citas omitidas); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[4]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, [*supra*], es determinante, por sí solo, para este ejercicio de jurisdicción, y no

---

[2] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

[3] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf

[4] *Íd.*

constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 335, esc. 15 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pueblo v. Díaz de León*, 176 DPR 913, 918 (2009). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Íd.*; ver también *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que:

> [D]e ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial. *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 210.

### B. Denominación o súplica errónea

La Regla 71 de Procedimiento Civil establece que "[c]ualquier defecto en la denominación del pleito o en la súplica del remedio no impedirá que el tribunal conceda el remedio que proceda de acuerdo con las alegaciones y la prueba". 32 LPRA Ap. V, R. 71. Esta regla es cónsona con la norma en equidad, reiterada por el Tribunal Supremo, de que "el nombre no hace la cosa".[5] Como bien ha señalado nuestro Máximo Foro:

---

[5] Esta expresión recoge una norma que el Tribunal Supremo ha aplicado en múltiples ámbitos del derecho. Si bien no existe una opinión del Supremo que

> [N]uestro procedimiento civil trasciende "la mística de las palabras". En nuestro ordenamiento no existen requisitos sobre nomenclatura o formalismos lingüísticos como presupuestos para la validez de una petición legal. De hecho, hemos sostenido que el nombre con que se denomina un recurso "no es determinante de su naturaleza" y no debe ser decisivo "desde el punto de vista de la función de hacer justicia". *S.L.G. Sierra v. Rodríguez*, 163 DPR 738, 746-747 (2005) (citas omitidas).

A su vez, nuestro Tribunal Supremo ha razonado que la Regla 71, *supra*, "se debe a que en reiteradas ocasiones [ha] resuelto que los foros judiciales debemos hacer todo lo posible por resolver los casos que tengamos ante nosotros". *Miramar Marine v. Citi Walk*, 198 DPR 684, 698-699 (2017). También, comentando la Regla 70 anterior (de la cual proviene la Regla 71), nuestro más Alto Foro expresó que "cuando de hacer justicia se trata, especialmente en áreas de gran interés público, **no hay moldes técnicos que limiten o aprisionen los remedios justos**". *Ex Parte Negrón Rivera y Bonilla*, 120 DPR 61, 73 (1987) (énfasis suplido). Por ello, los tribunales estamos facultados a otorgar el remedio adecuado, a pesar de que quien lo peticione lo haga bajo la nomenclatura incorrecta.

### C. *Relevo de Sentencia*

"Como es sabido, toda sentencia dictada por un tribunal tiene a su favor una presunción de validez y corrección". *López García v. López García*, 200 DPR 50, 59 (2018); *Cortés Piñeiro v. Sucn. A. Cortés*, 83 DPR 685, 690 (1961). Solo en escenarios muy particulares nuestro ordenamiento procesal civil permite a una parte solicitar el relevo de los efectos de una sentencia previamente

---

trace los orígenes de esta, ni las razones de política pública que la orientan, el uso amplio de parte esta sugiere que dicho precepto está vinculado con la sana administración de la justicia. Véase: *PR Fast Ferries et al. v. AAPP*, 213 DPR 103, 114 (2023); *Vélez Arroyo v. HPM Foundation et. al.*, 211 DPR 716, 736 (2023); *JMG Investment v. ELA*, 203 DPR 708, 719 (2019); *Otero Vélez v. Schroder Muñoz*, 200 DPR 76, 92 esc. 35 (2018); *Cortes Pagán v. González Colón*, 184 DPR 807, 813 (2012); *Comisión de Servicios Públicos v. Tribunal Superior*, 78 DPR 239, 246 (1955); *Estevez v. Registrador*, 67 DPR 361, 363 (1947); entre otros.

dictada en su contra. Dicha solicitud está gobernada por la Regla 49.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2.

La Regla 49.2 de las de Procedimiento Civil, *supra*, provee un mecanismo post sentencia para impedir que se vean frustrados los fines de la justicia mediante tecnicismos y sofisticaciones. *Pérez Ríos et al. v. CPE*, 213 DPR 203, 214 (2023); *García Colón et al. v. Sucn. González*, 178 DPR 527, 539 (2010). "Este precepto procesal civil tiene como fin establecer el justo balance entre dos principios de cardinal importancia en nuestro ordenamiento jurídico. Por un lado, el interés de que los casos se resuelvan en los méritos haciendo justicia sustancial. Por el otro, que los litigios lleguen a su fin". *García Colón et al. v. Sucn. González*, pág. 540.

En particular, la Regla 49.2 de Procedimiento Civil, *supra*, dispone específicamente, como sigue:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:
>
> (1) Error, inadvertencia, sorpresa, o negligencia excusable;
>
> (2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
>
> (3) Fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de la parte adversa;
>
> (4) Nulidad de la sentencia;
>
> (5) La sentencia ha sido satisfecha, renunciada, o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuare en vigor; o
>
> (6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
>
> Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en las razones (c) o (d) de esta regla. La moción se presentará dentro de un término

razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento.

Para que proceda el relevo de sentencia bajo la Regla 49.2 de Procedimiento Civil, *supra*, es necesario que el peticionario aduzca, al menos, una de las razones enumeradas en esa regla para tal relevo. *Pérez Rios v. CPE,* supra, pág. 215. Ahora bien, relevar a una parte de los efectos de una sentencia es una decisión discrecional, **salvo en los casos de nulidad** o cuando la sentencia ha sido satisfecha. *Nater v. Ramos,* 162 DPR 616, 624 (2004). Ver también Wright and Miller, *Federal Practice and Procedure,* Civil 3d ed., sec. 2862.[6]

Para conceder un remedio contra los efectos de una sentencia, el tribunal debe determinar si, bajo las circunstancias específicas del caso, existen razones que justifiquen tal concesión. Así, si la parte que solicita el relevo aduce una buena defensa—además de alguna de las circunstancias previstas en la Regla 49.2 de Procedimiento Civil, *supra,* ya mencionadas—y el relevo no ocasiona perjuicio alguno a la parte contraria, este debe ser concedido. De ahí que, como regla general la existencia de una buena defensa debe siempre inclinar la balanza a favor de la reapertura. *García Colón et al. v. Sucn. González,* supra, págs. 540-541.

Por igual, el Tribunal Supremo de Puerto Rico, ha expresado con relación a la Regla 49.2 de Procedimiento Civil, *supra:* "que el precepto debe interpretarse liberalmente y cualquier duda debe resolverse a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia o, a fin de que el proceso continúe y el caso pueda resolverse en sus méritos". *Íd.,* pág. 541. No obstante, dicha regla no constituye "una llave maestra" para

---

[6] Los tribunales federales, interpretando la Regla 60 de las Reglas de Procedimiento Civil federal, han sido igual de enfáticos en que, cuando una sentencia es nula por falta de jurisdicción, los tribunales de distrito tienen que emitir el relevo.

reabrir controversias, ni puede sustituir los recursos de apelación o reconsideración. *Piazza Vélez v. Isla del Rio, Inc.*, 158 DPR 440, 448-449 (2003). "Es decir, el precepto no está disponible para alegar cuestiones sustantivas que debieron ser planteadas mediante los recursos de reconsideración y apelación". *García Colón et al. v. Sucn. González*, supra, pág. 541.

El inciso cuatro (4) de la Regla 49.2 de Procedimiento Civil, *supra*, faculta a los tribunales a relevar a una parte de los efectos de una sentencia cuando determine que la misma es nula. Una sentencia es nula cuando se ha dictado sin jurisdicción o cuando al dictarla *se ha quebrantado el debido proceso de ley*. *García Colón et al. v. Sucn. González*, supra, pág. 543. Ver también Wright and Miller, *op. cit.*

Como señalamos anteriormente, cuando una sentencia es declarada nula, no hay margen de discreción para el foro judicial, sino que la sentencia tiene que dejarse sin efecto, independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado. *Montañez v. Policía de Puerto Rico*, 150 DPR 917, 922 (2000). Sobre el particular, ha manifestado nuestro Tribunal Supremo que "si es nula, no hay discreción para el relevo, **hay obligación de decretarla nula**". *Íd.* (Énfasis suplido). Tal es la obligación que, ante una reclamación de que una sentencia es nula, no opera el término fatal de los seis meses. *Pérez Ríos v. CPE*, supra, pág. 215.

### D. *Emplazamiento personal*

Como es sabido, el emplazamiento es el mecanismo procesal que permite al Tribunal adquirir jurisdicción sobre la persona del demandado, para que este quede obligado por el dictamen que, en su día, emita el foro judicial. *Martajeva v. Ferre Morris*, 210 DPR 612, 620 (2022); *Rivera Torres v. Díaz López*, 207 DPR 636, 646-647 (2021); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021);

*Cirino González v. Adm. Corrección, et al.*, 190 DPR 14, 29-30 (2014). Dicho mecanismo procesal es parte esencial del debido proceso de ley, pues su propósito principal es notificar a la parte demandada que existe una acción judicial en su contra. De esta manera, la parte puede comparecer en el procedimiento, ser oído y presentar prueba a su favor. *Martajeva v. Ferre Morris*, supra, pág. 620; *Rivera Torres v. Díaz López*, supra, pág. 647; *Pérez Quiles v. Santiago Cintrón*, supra, pág. 384. "Por lo tanto, su adulteración constituye una flagrante violación al trato justo". *Torres Zayas v. Montano Gómez, et als.*, 199 DPR 458, 467 (2017) citando a *Lucero v. San Juan Star*, 159 DPR 494, 507 (2003).

Por ende, "no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal". *Torres Zayas v. Montano Gómez, et al.*, supra, pág. 467. Véase, a su vez, *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 869-870 (2015).

En nuestro ordenamiento jurídico, la figura del emplazamiento está regulada por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4. En particular, dicho precepto legal dispone que una parte que interese demandar a otra deberá presentar el formulario de emplazamiento conjuntamente con la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. Regla 4.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.1. Una vez expedido el emplazamiento, la parte que lo solicita cuenta con 120 días para poder diligenciarlo. Lo anterior, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3.

Nuestras Reglas de Procedimiento Civil establecen dos maneras para diligenciar un emplazamiento: de forma personal o

mediante edicto. *Sánchez Ruiz v. Higuera Pérez,* 203 DPR 982, 987 (2020). El emplazamiento personal es el método idóneo para adquirir jurisdicción. Ahora bien, por excepción y en circunstancias específicas, nuestras Reglas de Procedimiento Civil permiten que se utilice el mecanismo del emplazamiento por edicto. Regla 4.6(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6(a); *Caribbean Orthopedics v. Medshape et al,* 207 DPR 994, 1005 (2021).

Al respecto, nuestra Máximo Foro ha expresado que los requisitos que dispone la regla de emplazamiento son de estricto cumplimiento. *Rivera Torres v. Díaz López,* supra, pág. 647; *Quiñones Román v. Cía ABC,* 152 DPR 367, 374-375 (2000); First *Bank of P.R. v. Inmob. Nac., Inc.,* 144 DPR 901, 913 (1998); *Rodríguez v. Nasrallah,* 118 DPR 93, 98 (1986). Ello, pues, "el emplazamiento es un trámite medular para el cumplimiento con el debido procedimiento de ley de un demandado y afecta directamente la jurisdicción del tribunal". *Torres Zayas v. Montano Gómez, et als.,* supra, pág. 468, citando a *Rivera v. Jaume,* 157 DPR 562, 579 (2002).

Recordemos que las normas sobre el emplazamiento "son de carácter impositivo, de las cuales no se puede dispensar. La razón de esta rigurosidad es que el emplazamiento se mueve dentro del campo del Derecho constitucional y más específicamente dentro del derecho del demandado a ser oído y notificado de cualquier reclamación en su contra". *Torres Zayas v. Montano Gómez, et als.,* supra, pág. 468, citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 257.

En ese sentido, es menester señalar que la falta de un correcto emplazamiento a la parte contra la cual un Tribunal dicta sentencia, "**produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado**". *Rivera Torres v. Díaz*

*López*, supra, pág. 647, citando a *Torres Zayas v. Montano Gómez et al.*, supra, págs. 468–469 (énfasis suplido).[7] Dicho de otro modo, "[t]oda sentencia dictada contra un demandado que no ha sido emplazado o notificado conforme a derecho es inválida y no puede ser ejecutada. Se trata de un caso de nulidad radical por imperativo constitucional". *Torres Zayas v. Montano Gómez, et al.*, supra, págs. 468-469.

Esbozado el derecho que enmarca la controversia de epígrafe, procedemos a aplicarlo.

**III**

La parte peticionaria nos solicita que revisemos la *Resolución Interlocutoria* que declaró No Ha Lugar su *Moción de Desestimación*. En su recurso, le imputa al foro primario el haber errado al no acoger su petición, debido a que la *Sentencia en Rebeldía* era nula, por haber sido emitida sin jurisdicción. Toda vez que, existe duda sobre si el emplazamiento se realizó de conformidad con la Regla 4 de Procedimiento Civil, *supra*, tiene razón el peticionario. Veamos.

En primer lugar, corresponde aclarar la naturaleza del reclamo de la parte peticionaria. Si bien el escrito sometido para la consideración del foro primario llevaba el título de "Moción de Desestimación", el mismo solicitaba un relevo de sentencia por nulidad. Esto se desprende de la contención central del escrito: que el Tribunal carecía de jurisdicción para emitir la sentencia. Es norma reiterada que el nombre no hace la cosa, y que los tribunales están llamados a atender los casos que tienen ante sí. *Miramar Marine v. Citi Walk*, supra. El foro *a quo* debió atender la moción como un relevo de sentencia y no descansar en la existencia de una sentencia previa, la cual se alegó que era nula.

---

[7] Ver también *Lanzó Llanos v. Banco de la Vivienda*, 133 DPR 509, 512 (1993).

Ante una alegación de que la sentencia era nula por falta de jurisdicción, el foro primario debió evaluar dicha contención. El Tribunal Supremo ha sido contundente al establecer que los tribunales deben ser "celosos guardianes de su jurisdicción". *Allied Mgmt. Group. v. Oriental Bank*, 204 DPR 374, 386 (2020). En este caso, ambas partes presentaron prueba relacionada a la controversia central: si el tribunal había adquirido jurisdicción conforme a derecho. Resulta insuficiente que, luego de evaluar unas alegaciones sobre la nulidad de la sentencia emitida, y luego de repasar la prueba sometida, el foro *a quo* no se expresare sobre la validez de la sentencia, y simplemente dictara que la petición era improcedente. Como mínimo debió auscultar y establecer si verdaderamente poseía jurisdicción para dictar sentencia.

La prueba presentada por ambas partes generó una controversia genuina en cuanto a si se emplazó correctamente al señor Nazario Rivera. Dicha controversia de hecho debió ser atendida por el foro primario, por incidir en el debido proceso de ley, el cual es de entronque constitucional. De resultar que el emplazamiento no fue conforme a derecho, eso implicaría, a su vez, que el tribunal nunca adquirió jurisdicción, por lo que la *Sentencia en Rebeldía* sería nula.

Ante una sentencia nula, el tribunal estaría obligado a relevar a la parte peticionaria de los efectos de la sentencia.

**IV**

Por los fundamentos que anteceden, se expide el recurso de *Certiorari* y se revoca la *Resolución Interlocutoria* recurrida. Consecuentemente, se deja sin efecto la *Sentencia en Rebeldía* y se ordena al Tribunal de Primera Instancia a celebrar una vista evidenciara para determinar, si en efecto, se emplazó al señor Nazario Rivera, conforme a la Regla 4.4 de Procedimiento Civil, *supra*.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones